UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| JEMMA MKHITARYAN, | ) CV 09-6971-SH |
| Plaintiff, | ) MEMORANDUM DECISION |
| v. | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

**I. PROCEEDINGS**

Plaintiff Jemma Mkhitaryan filed a Complaint on September 21, 2009 seeking review of the Decision of the Commissioner of the Social Security Administration denying Supplemental Security Income (SSI). Defendant filed an answer on January 4, 2010. The parties consented to proceed before United States Magistrate Judge Stephen J. Hillman. Plaintiff filed a brief in support of the Complaint on February

1, 2010. Defendant filed an opposition brief on March 19, 2010. Plaintiff subsequently filed a Reply.

## II. BACKGROUND

On May 31, 2006, plaintiff filed an application for SSI alleging an inability to work commencing January 1, 2005. The Social Security Administration denied plaintiff's application initially on November 9, 2006. Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which occurred on February 17, 2009.

In a written opinion issued on March 20, 2009, the ALJ found that plaintiff suffered from several severe impairments, including epilepsy, bursitis of the shoulders, and lumbar spondylosis, but that these impairments did not meet or medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Administrative Record [AR] 11). The ALJ found that plaintiff retained a residual functional capacity (RFC) permitting medium work with an ability to lift/carry 50 pounds occasionally and 25 pounds frequently, stand/walk 6 hours in an 8-hour workday, and sit 6 hours in an 8-hour workday. (AR 13). Additionally, the ALJ found that plaintiff was precluded from driving, working at unprotected heights or around dangerous machinery, and reaching above shoulder level. Id. On the basis of plaintiff's RFC and vocational expert (VE) testimony, the ALJ found plaintiff unable to perform her past relevant work as a Laborer (DOT 922.687-058), but able perform jobs existing in significant numbers in the national economy, namely the jobs of Assembler (DOT 709.684-014), Packager (DOT 920.587-018), and Food Service Worker (DOT 319.677-014) (the "other jobs"). (AR 16-17). Although plaintiff required the assistance of an Armenian interpreter during the ALJ hearing, the ALJ found plaintiff able to communicate in English. (AR 9, 16). Plaintiff filed a request for Appeals Council review on April 8, 2009, which was denied on June 25, 2009. This action

followed.

Plaintiff asserts that the ALJ failed to adequately explain discrepancies between the VE's testimony and plaintiff's RFC with respect to plaintiff's ability to reach; and failed to provide substantial evidence to find plaintiff able to communicate in English. The parties stipulate that the ALJ accurately summarized the testimony and medical evidence. For the reasons discussed below, this Court finds that plaintiff's contentions have merit.

### III.  STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine if: (1) the ALJ's findings are supported by substantial evidence; and (2) the ALJ used proper legal standards. Delorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401 (1971), but "less than a preponderance," Desroisiers v. Secretary of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988). This court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist which supports plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, Torske v. Weinberger, 417 U.S. 933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

It is the duty of this court to review the record as a whole and to consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). The court is required to uphold the decision of the ALJ where evidence is susceptible to more than one rational interpretation. Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984). The court has the authority to affirm, modify, or reverse the ALJ's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision. McAllister v. Sullivan,

888 F.2d 599, 603 (9th Cir. 1989).

## IV.  DISCUSSION

In determining whether appropriate jobs exist for the claimant, the ALJ generally will refer to the Dictionary of Occupational Titles (DOT). Light v. Social Sec. Admin., 119 F.3d 789, 793 (9th Cir. 1997). The ALJ may rely on VE testimony that contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation. Light, supra; Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995); Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007), citing Social Security Ruling [SSR] 00-4p. Only after determining whether the VE has deviated from the DOT (and whether any deviation is reasonable) can an ALJ properly rely on the VE's testimony as substantial evidence to support a disability determination. Massachi, supra at 1153-54. Evidence sufficient to support a deviation from the DOT may be either specific findings of fact regarding plaintiff's ability to perform particular jobs, or inferences drawn from the context of the expert's testimony. See Light, supra at 1435 n.7 (ALJ provided sufficient support for deviation by noting that the VE described characteristics and requirements of jobs in the local area consistent with claimant's RFC); Terry v. Sullivan, 903 F.2d 1273, 1279 (9th Cir. 1990) (ALJ may infer support for deviation where VE's understanding of applicable legal standards is clear from context).

A person's inability to read or write in English is considered the functional equivalent of illiteracy within the meaning of the Social Security Administration, even if that person may be literate in another language. See Pinto v. Massanari, 249 F.3d 840, 846 n.4 (9th Cir. 2001); Chavez v. Dept. of Health and Human Servs., 103 F.3d 849, 852-53 (9th Cir. 1996). While an illiterate person is not per se disabled, Pinto, supra at 847, an ALJ must consider how a person's literacy level affects work-related functions—such understanding and following

instructions, communicating in the workplace, and responding appropriately to supervision—when determining whether a person has the RFC to perform other jobs in the national economy at step five in the sequential evaluation process. See id. at 846, 846 n.5. If the ALJ relies on a job description in the DOT that fails to comport with a claimant's language limitations, the ALJ must explain this deviation. See id. at 847.

### A. THE ALJ INCORRECTLY FOUND THE VE'S TESTIMONY CONSISTENT WITH DOT VOCATIONAL REQUIREMENTS

Plaintiff contends that the ALJ improperly relied on the VE's testimony in finding plaintiff not disabled because the VE's testimony conflicted with the DOT vocational requirements with respect to reaching, and neither the VE nor the ALJ provided an explanation for the deviation. In response, defendant argues that there is no apparent conflict between the VE testimony and the DOT because the DOT does not specify exactly the type of reaching required, and the VE was aware of plaintiff's reaching limitation when testifying that plaintiff could perform other jobs available in the national or local economy.

At the hearing, the ALJ properly inquired whether the VE's opinions were consistent with the DOT, as required by SSR 00-4p. (AR 17, 62). However, in concluding that there was no conflict between the DOT and the VE's testimony, the VE and ALJ failed to discuss an apparent conflict. In articulating plaintiff's RFC, the ALJ expressly found that plaintiff, due to her shoulder limitation, "cannot reach above shoulder level." (AR 13). The VE testified that plaintiff's shoulder limitations precluded her from performing past relevant work as a Laborer, a job requiring *frequent* reaching according to the DOT. However, the VE concluded that plaintiff's shoulder limitation did not preclude her from performing the Assembler and Food Service Worker jobs, which require *frequent* reaching, and the Packager job, which requires *constant* reaching.

Contrary to defendant's contention, the meaning of "reaching" is not indeterminate. Within the meaning of the DOT, "reaching" is defined as "[e]xtending hand(s) and arm(s) <u>in any direction</u>." Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO), Appendix C (1993) (emphasis added). As defined in the SCO, the plain meaning of "reaching" encompasses above-the-shoulder reaching. Considered in light of the SCO and DOT, the VE's testimony implies that plaintiff was capable of performing jobs that require frequent or constant omni-directional reaching, despite a shoulder limitation that precludes above-the-shoulder reaching. The VE's testimony therefore conflicts with DOT vocational requirements, despite the VE's testimony to the contrary.

Since the ALJ relied on VE testimony that conflicted with the DOT, the ALJ was required to explain the deviation by making either specific factual findings or drawing inferences from the context of the VE's testimony. See <u>Light</u>, <u>supra</u>; <u>Terry</u>, <u>supra</u>. Because the ALJ incorrectly adopted the VE's conclusion that there was no apparent conflict, AR 17, the ALJ provided no explanation for the deviation. The ALJ therefore committed legal error warranting remand. Since the ALJ's articulation of plaintiff's RFC included a categorical limitation on above-the-shoulder reaching, a reasonable explanation for this deviation must demonstrate that other jobs do not require above-the-shoulder reaching.

### B. THE ALJ FAILED TO ADEQUATELY EXPLAIN THE FINDING THAT PLAINTIFF IS ABLE TO COMMUNICATE IN ENGLISH

Plaintiff contends that the ALJ failed to provide substantial evidence for finding plaintiff able to communicate in English. In response, defendant argues that sufficient evidence exists in the record to support the ALJ's conclusion. The defendant further argues that any alleged error is harmless because: (1) the

ALJ's hypotheticals to the VE included plaintiff's lack of English skills; (2) according to 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.00(g), the ability to communicate in English is a less significant factor in the bulk of unskilled work, and the VE specifically testified that the other jobs involved unskilled, object-oriented work that did not require much interaction with co-workers; and (3) plaintiff's past relevant work as a Laborer required language level 1 skills, the same language level required to perform the Packager job.

Plaintiff, an Armenian native, has consistently maintained that she is unable to communicate in English. (See AR 125, 136, 144, 200, 297). Plaintiff required the assistance of an interpreter to give testimony at the ALJ hearing, AR 49, and the ALJ included plaintiff's lack of English skills in three hypotheticals posed to the VE, 58-60. However, the ALJ summarily concluded that plaintiff is able to communicate in English ("the language finding"). (AR 16). In making this language finding, the ALJ provided no explanation for rejecting evidence that plaintiff was unable to communicate in English. While there may be sufficient support for the ALJ's language finding in the record, the ALJ failed to reference any such evidence.[1] As a result, this Court is unable to review the ALJ's basis for the language finding. The ALJ therefore erred.

Defendant advances three arguments why any such error is harmless. Contrary to defendant's first contention, the fact that the ALJ included plaintiff's lack of English skills in hypotheticals to the VE does not render the ALJ's error harmless, because the ALJ's provided no indication of plaintiff's specific level of English proficiency. Two of the other jobs the VE identified (Food Service

---

[1] While the ALJ's finding references the fact that plaintiff has received a high school education, this education was completed in Armenia and therefore does not provide sufficient support for the ALJ's language finding. (AR 16, 153). While there is evidence in the record that plaintiff may have learned some English since arriving in the United States in 2000, see id., the significance of this evidence relative to the record as a whole is indeterminate because the ALJ failed to reference or discuss this evidence. The ALJ also did not reference or discuss equivocal evidence regarding plaintiff's education. (See AR 131, 201).

Worker and Assembler) require language level 2.[2] Without a specific English proficiency finding by the ALJ, this Court is unable to review whether the VE's testimony conflicts with DOT language specifications. See Pinto, supra at 843 n.1, 847 (remanded in part because the lack of indication that plaintiff possessed language level 1 proficiency created inconsistency between VE testimony and DOT, requiring the ALJ to explain the deviation).

Defendant's second argument is unavailing. The VE's testimony that the other three jobs involved unskilled, object-oriented work that did not require much interaction with co-workers came in response to a question about plaintiff's alleged psychological limitations, not her language proficiency. (AR 59-60). Further, while English proficiency may be a less significant factor in the *bulk* of unskilled work, the fact that the Food Service Worker and Assembler jobs are listed as requiring language level 2 instead of language level 1 suggests that these two jobs may be in the minority of unskilled jobs that require greater language proficiency, even if they are largely object-oriented. Finally, it is the ALJ's duty to provide explanations for any deviation from the DOT. Even if the ALJ could have relied on the VE's testimony in providing such an explanation, the ALJ failed to do so here.

Defendant's third argument also fails. Even assuming it is valid to infer plaintiff's minimum English proficiency from her past relevant work as a Laborer, this would not render the ALJ's error harmless. The Packager job requires constant reaching. As indicated above, there may be a separate basis for

---

[2] According to the DOT, language level 2 includes ability to understand 5,000-6,000 words, read adventure stories and comic books, read instructions for assembling model cars and airplanes, write compound and complex sentences, and speak clearly and distinctly with appropriate pauses and emphasis using present, perfect, and future tenses. DOT Appendix C(III). Language level 1 includes the ability to understand 2,500 words, print simple sentences, and speak using normal word order in present and past tenses. Id.

precluding plaintiff from performing this job.[3] Resolution of the language issue may therefore depend on resolution of the reaching issue, which can only be resolved on remand.

## V. CONCLUSION AND ORDER

For the foregoing reasons, the decision of the Commissioner is reversed and remanded pursuant to Sentence 4 of 42 U.S.C. Section 405(g) for further proceedings in accordance with this decision.

DATED: April 27, 2010

```
              / S /
_____
      STEPHEN J. HILLMAN
  UNITED STATES MAGISTRATE JUDGE
```

---

[3] Of the three jobs the VE testified plaintiff could perform, the Packager job is the only one that requires constant, as opposed to frequent, reaching. It is therefore the job that is *most* likely to be precluded based on plaintiff's reaching limitation.